Dismissed and Memorandum Opinion filed September 8, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00514-CR

____________

 

VAHYA LASFAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd District Court


Harris County, Texas

Trial Court Cause No. 1094293

 

 



 

MEMORANDUM
 OPINION

Appellant entered a guilty plea to possession of less than
one gram of cocaine.  In accordance with the terms of a plea bargain agreement
with the State, the trial court sentenced appellant on January 2, 2007, to
confinement for 180 days in the Harris County Jail.  On May 16, 2011, appellant
filed a motion to vacate or set aside his conviction.  The trial court denied
the motion on May 18, 2011.  On May 31, 2011, appellant filed a pro se notice
of appeal.  We dismiss the appeal. 

The trial court entered a certification of the defendant’s
right to appeal in which the court certified that this is a plea bargain case,
and the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2). 
The trial court’s certification is included in the record on appeal.  See
Tex. R. App. P. 25.2(d).  The record supports the
trial court’s certification.  See Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005).

The ruling on appellant’s motion to vacate or set aside his conviction is
not an appealable order.  Appellant’s motion is not a petition for
post-conviction habeas corpus relief pursuant to article 11.07 of the Texas
Code of Criminal Procedure.  Even if the motion could be construed as a request
for habeas corpus relief, however, this court would not have jurisdiction to
consider this appeal.  Only the Texas Court of Criminal Appeals has
jurisdiction over matters related to post-conviction relief from a final felony
conviction.  See Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243
(Tex. 1991); see also Tex. Code Crim. Proc. Ann. art. 11.07; Board of
Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,
910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (holding that article 11.07 provides
the exclusive means to challenge a final felony conviction).  

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Justices
Frost, Seymore and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).